E-FILED
Thursday, 01 October, 2020 03:13:14 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEMARA HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 20-cv-4210 |
| RANDY CAGLE, | ) | |
| | ) | |
| & | ) | |
| | ) | |
| INMATE SERVICES CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

### PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through undersigned counsel, and for her Petition for Damages, states as follows:

### COUNT I – NEGLIGENT HIRING, RETENTION, and/or SUPERVISION

1. This case surrounds the October 2, 2018 sexual abuse, harassment, and assault of Plaintiff Demara Hampton ("Plaintiff") while she was being transported by Defendant Inmate Services Corporation ("ISC") employees.

2. At the time of the incident, Plaintiff was a resident of Indiana.

3. ISC is a company headquartered in Arkansas and with its principal place of business in Arkansas. Among other things, ISC transports inmates in various parts of the country, including Missouri, Illinois, and Indiana.

4. At the time of the incident, Defendant Randy Cagle ("Cagle") was not a resident of Illinois. Upon information and belief, Cagle was a resident of either Arkansas or Tennessee.

5. This Court has jurisdiction under 28 USC 1332 based on the diversity of citizenship and in that the amount in dispute is greater than $75,000.

6. Venue is proper in that the rape, assault, and injury to Plaintiff occurred in the Central District of Illinois.

7. At the time of the incident, Cagle was the President of ISC and still is to date. Cagle was in charge of operations, including hiring/retaining/terminating employees, and supervising ISC employees. Cagle also set the policies, customs, practices, and procedures for ISC.

8. Cagle hired Marius Nesby ("Nesby") as an employee of ISC, which included a role as transport officer transporting inmates.

9. ISC is vicariously liable for the acts and omissions of its employees.

10. At all relevant times herein, Cagle was within the course and scope of his employment with ISC.

11. On October 2, 2018, ISC was transporting the Plaintiff from Indiana to Missouri. Marius Nesby was one of the ISC employees transporting Plaintiff.

12. On October 2, 2018, Nesby assaulted, raped, and sexually abused Plaintiff in Henry County, Illinois, which is located in the Central District of Illinois.

13. On October 2, 2018, Nesby was acting within the course and scope of his employment with ISC and acting based on the policies, customs, practices, and procedures set by Cagle and ISC.

14. Prior to assault of Plaintiff, Cagle and ISC were aware that the transport officers, including Nesby, were assaulting, harassing, abusing, sexually assaulting, and injuring inmates that were in the care, custody, and control of ISC and its employees.

15. On October 2, 2018, Plaintiff was in the care, custody, and control of ISC, Cagle, and Nesby.

16. On October 2, 2018, ISC and/or Cagle had a duty to reasonably supervise Nesby.

2

17. On October 2, 2018, ISC and/or Cagle failed to supervise Nesby.

18. In that ISC and/or Cagle were on notice of Nesby's unfitness prior to October 2, 2018, ISC and/or Cagle had a duty to terminate Nesby, but failed to do so.

19. On October 2, 2018, Cagle and/or ISC knew or should have known that Nesby had a particular unfitness for his position, which created a danger to third persons, including Plaintiff.

20. Nesby's unfitness was known, or should have been known, to Cagle and/or ISC when Nesby was hired, retained, and/or failed to supervise Nesby.

21. Nesby's unfitness was the proximate cause of Plaintiff's injuries in that Nesby assaulted and raped Plaintiff.

22. As a direct and proximate cause of Defendants' (ISC and Cagle) conduct, Plaintiff suffered damages, including physical injuries consistent with the physical assault and rape, emotional distress, pain and suffering, anxiety and depression.

23. As a direct and proximate cause of Defendants' conduct, Plaintiff will continue to suffer damages in the future, including emotional distress, anxiety, depression, and other psychological diagnoses consistent with being the survivor of a brutal sexual assault.

24. Plaintiff is entitled to an award of punitive damages in that the conduct of the Defendants was willful, wanton, grossly negligent, and indicates a wanton disregard for the rights of others, including Plaintiff.

WHEREFORE, Plaintiff prays for this Court to enter judgment in her favor and against Defendants for a fair and reasonable amount of damages in excess of $75,000.00, for her costs associated with pursuing this action, punitive damages, for pre-judgment interest and post-

3

judgment interests as allowed by law, for her attorneys' fees, and for any further relief this Court

deems just and proper.

Respectfully Submitted,

THE O'BRIEN LAW FIRM, PC

BY: /S/ Grant C. Boyd
Grant C. Boyd #67362 - MO
The O'Brien Law Firm
815 Geyer Ave
St. Louis, MO  63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com